T.C. Summary Opinion 2005-111

UNITED STATES TAX COURT

LAWRENCE PATRICK O'BRIEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2097-04S.            Filed August 1, 2005.

Lawrence Patrick O'Brien, pro se.

<u>Richard J. Hassebrock</u>, for respondent.

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

should not be cited as authority.

Respondent determined a deficiency of $2,431 in petitioner's 2001 Federal income tax. After a concession by respondent, the issue is whether petitioner is entitled to section 151 dependency exemption deductions for two of his minor children. Petitioner resided in Harrison, Ohio, at the time the petition was filed.

## Background

Petitioner and Katherine E. O'Brien (Ms. O'Brien) divorced on November 6, 1998. They are the parents of six children. At the time of the divorce, five of the children were minors. In the divorce decree, petitioner was designated the custodial parent of one child, and Ms. O'Brien was designated the custodial parent of the remaining four.

Petitioner was ordered to pay Ms. O'Brien $325 per child each month for the four children in her physical custody. The divorce decree further ordered that petitioner was entitled to claim two of the minor children in Ms. O'Brien's custody as dependents for Federal tax purposes if his child support obligation was current and paid in full for the year in which he was claiming the children as dependents. Respondent does not dispute that petitioner's child support obligation was current and paid in full for the year at issue.

Petitioner claimed dependency exemption deductions for three of his children on his timely filed 2001 Form 1040, U.S.

Individual Income Tax Return. Petitioner did not attach anything signed by Ms. O'Brien to his return at the time he filed. Respondent disallowed these dependency exemption deductions and issued a notice of deficiency. Respondent has conceded that petitioner was the custodial parent for one of the claimed children in 2001. Petitioner was not, however, the custodial parent of the other two children in 2001. Petitioner argues that even though he is the noncustodial parent of these two children, he is entitled to the dependency exemption deductions under the terms of his divorce decree.

Discussion[2]

A.   Dependency Exemption Deduction

Sections 151 and 152 provide that a taxpayer is entitled to deduct an exemption for a dependent if the taxpayer provides over half of the support for the dependent. Under section 152(e)(1), in the case of a minor dependent whose parents are divorced, separated under a written agreement, or who have lived apart at all times during the last 6 months of the calendar year, and together provide over half of the support for the minor dependent, the parent having custody for a greater portion of the calendar year (custodial parent) generally shall be treated as providing over half of the support for the minor dependent.

---

[2]   We decide the issue in this case without regard to the burden of proof. See Higbee v. Commissioner, 116 T.C. 438 (2001).

Petitioner is not the custodial parent of the two children at issue, and thus he is not entitled to the dependency exemption deductions under section 152(e)(1). A noncustodial parent may be entitled to the exemption if one of three exceptions in section 152(e) is satisfied. The only exception relevant to this case is contained in section 152(e)(2). Section 152(e)(2) provides that a child shall be treated as having received over half of his or her support from the noncustodial parent if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

Section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984),[3] further provides:

> The written declaration may be made on a form to be provided by the Service for this purpose. * * *

B.  Written Declaration Requirement

Pursuant to the regulations, the Internal Revenue Service issued Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, as a way to satisfy the written declaration requirement of section 152(e)(2). Form 8332

------

[3]  Temporary regulations are entitled to the same weight as final regulations. See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996).

instructs the taxpayer to provide (1) the names of the children for whom exemption claims were released, (2) the years the claims are released, (3) the signature of the custodial parent to confirm their consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and Social Security number of the parent claiming the exemption. If Form 8332 is not used, a statement conforming to the substance of Form 8332 must be used. See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.

Petitioner did not attach a written declaration, Internal Revenue Service form, or other statement signed by Ms. O'Brien to his return. See sec. 152(e)(2)(A) and (B). No such written declaration has since been provided, and no written declaration was provided at trial. Petitioner, therefore, has not established his entitlement to the two dependency exemption deductions for the year in question. See Paulson v. Commissioner, T.C. Memo. 1996-560.

Although the divorce decree provides that petitioner is entitled to the dependency exemption deductions, it cannot by its own terms determine issues of Federal tax law. Commissioner v. Tower, 327 U.S. 280 (1946); Kenfield v. United States, 783 F.2d 966 (10th Cir. 1986); Neal v. Commissioner, T.C. Memo. 1999-97; Nieto v. Commissioner, T.C. Memo. 1992-296. When asked whether he had pursued Ms. O'Brien's compliance with the terms of the

divorce decree in State court, petitioner responded he had not because he does not want to further burden her with additional court and attorney fees. Petitioner also testified, however, that Ms. O'Brien will not sign a Form 8332. The Court truly sympathizes with petitioner's situation. Unfortunately, his remedy in this instance is to pursue Ms. O'Brien's compliance with the divorce decree, and any other remedies that may make him whole, in State court.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.